**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD EWING,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED

STATES DEPARTMENT OF LABOR;
ROYAL COAL COMPANY; WEST
VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND,
Respondents.

No. 95-2154

On Petition for Review of an Order
of the Benefits Review Board.
(94-3928-BLA)

Submitted: February 20, 1996

Decided: March 25, 1996

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Konstantine K. Weld, Assistant Attorney
General, Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Donald Ewing seeks review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits pursuant to 30 U.S.C.A. §§ 901-45 (West 1986 & Supp. 1995). Benefits were denied in this case based on the ALJ's determination, affirmed by the Board, that Ewing failed to establish that he contracted pneumoconiosis. On appeal, Ewing contends that this determination was impermissibly made on the basis of negative X-ray evidence, in violation of 20 C.F.R. § 718.202(b)(1995).

It is undisputed that Ewing's evidence was insufficient to establish pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1)-(3) (1995). Thus, Ewing could only establish pneumoconiosis in this case by means of medical reports under section 718.202(a)(4). Ewing submitted reports from Drs. Twaklna and Rasmussen which, if credited, could have established pneumoconiosis. He also submitted evidence of a state workers' compensation award for a partial impairment due to pneumoconiosis.

The ALJ, however, provided proper reasons for rejecting all of this evidence, and Ewing on appeal does not challenge any of the reasons provided by the ALJ. Rather, he relies solely on§ 718.202(a), and on his contentions that the ALJ should have found fault with the reports which found no pneumoconiosis. It is clear, however, from the record that the ALJ considered all relevant evidence in reaching his finding of no pneumoconiosis, and not only the X-ray evidence. The same is true of the physician's reports upon which the ALJ relied. While Ewing implies in his brief that those reports were biased, we note that they were not presumptively biased, see Cochran v. Consolidation Coal Co., 16 BLR 1-101 (1992) (citing Richardson v. Perales, 402 U.S. 389 (1971)), and that Ewing's claims are unsubstantiated. More-

2

over, determinations regarding the credibility of the evidence lie solely within the province of the ALJ. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993).

Accordingly, because Ewing identifies no reversible error committed by the Board or the ALJ in finding no pneumoconiosis, and because his failure to establish this critical element precludes his entitlement to benefits, see Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir. 1990), we affirm the decision of the Board. We grant the Appellee's motion to file a supplemental appendix and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3